**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY AGUIRRE<br><br>Plaintiff,<br><br>v.<br><br>DKSH NORTH AMERICA, INC.,<br><br>Defendant. | Civil Action No. 22-05532(SDW)(CLW)<br><br>**WHEREAS OPINION**<br><br>October 20, 2022 |

**THIS MATTER** having come before this Court upon the filing of Defendant DKSH North America, Inc.'s ("Defendant") Motion to Dismiss *pro se* Plaintiff Anthony Aguirre's ("Plaintiff") Complaint, (D.E. 1), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), (D.E. 3), and the Court having considered Defendant's submission,[1] and having reached its decision without oral argument pursuant to Rule 78; and

**WHEREAS** Plaintiff's Complaint alleges various claims that stemmed from the termination of his employment, including claims of age discrimination and harassment, gender discrimination and harassment, and unequal terms and conditions of employment, yet the factual narrative of Plaintiff's Complaint does not set forth the legal basis for each of his claims, (*see* D.E. 1-1); and

**WHEREAS** Defendant presumes the claims arise under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et. seq*, and under Title VII of the Civil Rights Act of 1964 ("Title VII'), as amended, 42 U.S.C. § 2000e *et. seq.* (*see* D.E. 3-1 at 4); and

---

[1] Plaintiff did not submit an opposition brief to Defendant's Motion to Dismiss. (D.E. 3.)

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

**WHEREAS** Plaintiff's Complaint fails to set forth a short and plain statement of his claims and instead provides a brief, cursory array of facts concerning employment conditions and his termination of employment in October 2019.  (D.E. 1-1.)  The facts alleged in the Complaint are insufficient to support a claim entitling Plaintiff to relief.  *See* Fed. R. Civ. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"); and

**WHEREAS** Plaintiff's claims may be based on the ADEA and/or Title VII, therefore Plaintiff is required to exhaust administrative remedies and assert in the Complaint that such administrative remedies have been exhausted.  *See* 42 U.S.C. § 2000e-5(e)(1); *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000) ("Under Title VII and the ADEA, plaintiffs residing in states having an agency authorized to grant relief for federally prohibited employment discrimination must resort to that state remedy before they will be allowed access to federal judicial relief."); 42 U.S.C. § 2000e-5(b), (e)(1), (f)(1); *Webb v. City of Philadelphia*, 562 F.3d 256, 262

(3d Cir. 2009) ("Before bringing suit under Title VII in federal court, a plaintiff must first file a charge with the EEOC."). Plaintiff, however, does not allege in the Complaint that he pursued the required administrative remedies; therefore

**IT IS, on this 20th day of October, 2022**,

**ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff shall have thirty (30) days to file an amended Complaint that confirms exhaustion of any required administrative remedies and complies with both the Federal Rules of Civil Procedure and this Court's Local Rules. Failure to timely file an amended complaint will result in the dismissal of this matter with prejudice. An appropriate order follows.

   /s/ Susan D. Wigenton  
**United States District Judge**

Orig: Clerk  
cc: Parties  
      Cathy L. Waldor, U.S.M.J.